# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

WESLEY FORD                                                                          PLAINTIFF
Reg. # 17776-026

v.                                         2:15CV00037-JLH-JJV

UNITED STATES OF AMERICA                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I.      **INTRODUCTION**

Wesley Ford ("Plaintiff") is an inmate of the Forrest City Federal Corrections Institution. He filed this *pro se* action pursuant to the Federal Tort Claims Act ("FTCA"), claiming that the United States of America failed to provide for his various medical and hygienic needs.  (Doc. No. 2.)   After careful review of the Complaint, the Court concludes that it lacks subject matter jurisdiction over this action and recommends that Plaintiff's Complaint be dismissed without prejudice.

II.     **ANALYSIS**

Prior to bringing a claim under the FTCA in federal court, a petitioner must comply with 28 U.S.C. § 2675(a).[1]   Compliance with 28 U.S.C. § 2675(a) is established by certain procedural requirements arising under 28 C.F.R. § 14.1. *et seq.  Lunsford v. United States*, 570 F.2d 221, 225

---

[1]This section provides that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

(8th Cir. 1977).  Of particular relevance to this action is 28 C.F.R. § 14.2(a), which provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, **accompanied by a claim for money damages in a sum certain** for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added).  The United States Court of Appeals for the Eighth Circuit has held that the sum certain requirement is a reasonable one, given that the major purpose of the administrative claim requirement is to facilitate pre-litigation settlement of claims. *Lunsford*, 570 F.2d at 225-226.

In this action, Plaintiff submitted an administrative claim to the Federal Bureau of Prisons on August 13, 2014.  (Doc. No. 2 at 12-15.)  The claim was acknowledged on August 19, 2014, and the six-month limit for an agency response has expired.[2]  (*Id*. at 16.)  His administrative claim raises various, separate claims of inadequate care.  They are that: (1) he has untreated infected teeth and dentures that require maintenance; (2) he lacks appropriate hearing aids; (3) he lacks medication for back pain; (4) he lacks appropriate hygiene products for a skin condition; and (5) prison overcrowding and a lack of clean bedding have exacerbated his allergies.  (Doc. No. 2 at 13-14.)  As relief, he seeks a lump sum of $1,200,000 for these injuries.  (*Id*. at 14.)

A review of Plaintiff's administrative claim convinces the Court that he has failed to comply with mandatory procedural requirements, namely that he state a sum certain requirement for **each** of his distinct claims.  Courts have held that "[w]here separate claims are aggregated under the

---

[2]Plaintiff has not appended the agency response and it is unclear whether any response was ever issued.  Regardless, after six months without a response, Plaintiff was entitled to construe the lack of a response as a final denial.  28 U.S.C. § 2675(a).

FTCA, the claimant must present the government with a definite damage amount for each claim." *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983). This is because "[o]nly with a breakdown on a claim by claim basis can the government evaluate the underlying merits of the claims against it in order to decide whether to settle or to litigate." *Id*. Here, Plaintiff has not stated a specific amount of damages for each claim. By doing so, he has deprived the government of the ability to evaluate the merits of settling each claim. This take-it-or-leave-it approach – the settlement of a single, aggregate amount or the litigation of every distinct claim – clearly frustrates the administrative claim's purpose of encouraging pre-litigation settlement.

The filing of a properly executed administrative claim under section 2675 is jurisdictional in nature. *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974). Absent a proper administrative claim which complies with all procedural requirements, the Court recommends that this action be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3)[3].

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.     Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for lack of subject matter jurisdiction.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 2nd day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."